Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTC Y COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re **Van's Aircraft, Inc.,** Debtor. | Case No. 23-62260-dwh11 |
| **Andrew Ivanov,** Plaintiff, v. **Van's Aircraft, Inc.**, Defendant. | Adv. Proc. No. 24-06011-dwh<br><br>MEMORANDUM DECISION DENYING DEFENDANT VAN AIRCRAFT, INC.'S MOTION TO DISMISS COMPLAINT[1] |

## I.  Introduction

Andrew Ivanov has filed a complaint against Van's Aircraft, Inc., asserting two claims for relief. The first is for breach of contract. The second is for a determination of nondischargeability under 11 U.S.C. § 523(a)(2)

---

[1] This disposition is specific to this action. It may be cited for whatever persuasive value it may have.

Page 1 – MEMORANDUM DECISION DENYING DEFENDANT etc.

based on allegedly fraudulent misrepresentations in connection with the same contract.

Van's moves to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6), arguing that they do not state claims for relief.[2]

For the reasons below, I will deny the motion.

## II. Background

Since Van's filed its motion, its chapter 11 plan[3] has been confirmed under 11 U.S.C. § 1191(b),[4] which is to say without acceptance by all classes of claims and interests.

## III. Discussion

### A. *I will deny the motion to dismiss the first claim.*

Reading the second claim with the first, Ivanov asks not only for a determination of nondischargeability (a claim that survives Van's motion) but also for a money judgment on the claim—relief a bankruptcy court can grant to a successful 523(a) plaintiff.[5]

If the second claim is later resolved against Ivanov short of trial, Van's can then renew its motion to dismiss the first claim.

### B. *I will deny the motion to dismiss the second claim.*

In Ivanov's second claim, he alleges that Van's debt to him is nondischargeable under 523(a)(2) because it "arises from false pretenses, a

---

[2] ECF No. 4.
[3] No. 23-62260 ECF No. 113.
[4] No. 23-62260 ECF No. 143.
[5] Sasson v. Sokoloff (*In re* Sasson), 424 F.3d 864, 867–68 (9th Cir. 2005).

Page 2 – MEMORANDUM DECISION DENYING DEFENDANT etc.

false representation, or actual fraud committed by" Van's.[6] Van's argues in its motion that 523 is not applicable to a nonindividual subchapter V debtor, such as Van's.

Consistent with the statutory definition of "corporation," which includes "association having a power or privilege that a private corporation, but not an individual or a partnership, possesses"[7] and thus a limited liability company, I will follow the case-law convention of referring to an LLC debtor as a corporation.

1. **Statutes**

A bankruptcy case is "under" one of chapters 7, 9, 11, 12, 13, or 15 of title 11 of the U.S. Code (the Bankruptcy Code), as designated in the petition initiating the case.[8] A debtor's discharge of debts is effected by a section in the Code chapter (or subchapter) the case is under: for a chapter 7 case, 11 U.S.C. § 727;[9] for a "regular" (not subchapter V) chapter 11 case or one under subchapter V of chapter 11 in which a plan is confirmed with acceptance by all classes, 11 U.S.C. § 1141(d);[10] for a case under subchapter V in which a plan is confirmed without acceptance by all classes (as here), 11 U.S.C. § 1192, which includes the discharge of 1141(d)(1)(A);[11] for a

---

[6] ECF No. 1 at 2.
[7] 11 U.S.C. § 101(9)(A).
[8] 11 U.S.C. §§ 301(a), 303(b).
[9] 11 U.S.C. § 103(b).
[10] 11 U.S.C. §§ 103(g), 1181(c).
[11] 11 U.S.C. § 103(i).

chapter 12 case, 11 U.S.C. § 1228;[12] and for a chapter 13 case, 11 U.S.C. § 1328.[13] Section 523, part of chapter 5, applies to cases under chapters 7, 11, 12, and 13[14] and thus to each of the discharge-effecting sections.

The discharge sections other than 1192 and 1228 were enacted simultaneously in the Bankruptcy Reform Act of 1978, as was 523.[15] Section 1228 was enacted with chapter 12 in the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986,[16] and 1192 was enacted as part of subchapter V in the Small Business Reorganization Act of 2019.[17]

The scope of the discharge afforded to a subchapter V debtor turns on whether the confirmed plan was accepted by each impaired class. If it was, then the discharge is the same as that under 1141(d) in a regular chapter 11 case. Under 1141(d)(2), confirmation does not discharge "a debtor who is an individual from any debt excepted from discharge under section 523." Under 1141(d)(6)(A), added in 2005,[18] the discharge of a corporation excepts "any debt . . . of a kind specified in" 523(a)(2)(A) or (B) "that is owed to a domestic

---

[12] 11 U.S.C. § 103(k)
[13] 11 U.S.C. § 103(u).
[14] 11 U.S.C. § 103(a).
[15] Pub. L. No. 95-598 § 101, 92 Stat. 2549 (1978) (codified at 11 U.S.C. §§ 523, 727, 1141,1328).
[16] Pub. L. No. 99-554 sec. 255 § 1228 (enacting 1228), sec. 257(n) (amending 523(a)), 100 Stat. 3088, 3112, 3115 (1986).
[17] Pub. L. No. 116-54 sec. 2 § 1192 (adding 1192), sec. 4(a)(8) (amending 523(a)), 133 Stat. 1079, 1083, 1086 (2019).
[18] Pub. L. No. 109-8 § 708, 119 Stat. 23, 126 (2005).

governmental unit, or owed to a person as the result of an action filed under" the False Claims Act "or any similar state statute."

If a subchapter V plan is confirmed without acceptance by all classes, the discharge is effected by 1192. After completion of all payments due within the first three years of the plan, the court must grant the debtor a general discharge of debts, but under 1192(2) that discharge excepts "any debt . . . of the kind specified in section 523(a) of this title."

Section 523(a), in turn, says that a "discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt" followed by a list of 20 numbered paragraphs, several with subcategories. As enacted in 1978, 523(a)'s preamble referred only to 727, 1141, and 1328(b).[19] The 1986 act added 1228(a) and (b), and the SBRA added 1192 in 2019.[20]

### 2. Cases: *Cleary*, *Off-Spec*, and *GFS*

The arguments for Van's reading of 1192(2) and 523(a)—that 523(a) has no role in the case of a subchapter V debtor who is not an individual—are laid out in the case Van's relies on to support its motion to dismiss the second claim: the 2023 Ninth Circuit Bankruptcy Appellate Panel decision in *Lafferty v. Off-Spec Solutions, LLC (In re Off-Spec Solutions, LLC)*.[21] The contrary arguments are laid out in two courts of appeals decisions: the

---

[19] Pub. L. No. 95-598 § 101, 11 U.S.C. § 523(a), 92 Stat. 2549, 2590 (1978).
[20] Pub. L. No. 116-54, § 4(a)(8), 133 Stat. 1079, 1086 (2019).
[21] 651 B.R. 862 (9th Cir. B.A.P. 2023).

Page 5 – MEMORANDUM DECISION DENYING DEFENDANT etc.

Fourth Circuit's 2022 decision in *Cantwell-Cleary Co. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC)*[22] and the Fifth Circuit's 2024 decision in *Avion Funding, LLC v. GFS Industries, LLC (Matter of GFS Industries, LLC)*.[23] I will address them in the order in which they were issued.

### *(a)* Cleary

In *Cleary*, the creditor asserted against the corporate debtor a claim "for willful and malicious injury,"[24] which is one of the 523(a) debt types.[25] The debtor, an LLC, argued that 523(a) applies only to an individual debtor. The creditor disagreed, arguing that 1192(2) makes nondischargeable "*debts of the kind* listed in § 523(a), regardless of the *class of debtor*."[26]

The Fourth Circuit acknowledged the "lack of clarity in the relationship between § 1192(2) and § 523(a)" but ultimately agreed with the creditor.[27] Although 523(a) itself applies only to individual debtors,[28] in a subchapter V case with a plan confirmed nonconsensually, 1192(2) effects the discharge, and it applies to all debtors, including corporations. The phrase "debt of the kind specified in section 523(a)" in 1192(2) is naturally understood as referring to "the *list of non-dischargeable debts* found in § 523(a)."[29] The word

---

[22] 36 F.4th 509 (4th Cir. 2022).
[23] 99 F.4th 223 (5th Cir. 2024).
[24] *Cleary*, 36 F.4th at 511–12.
[25] *See* 11 U.S.C. § 523(a)(6).
[26] *Cleary*, 36 F.4th at 513 (emphasis in original).
[27] *Cleary*, 36 F.4th at 513.
[28] *Cleary*, 36 F.4th at 515.
[29] *Cleary*, 36 F.4th at 515 (emphasis in original).

Page 6 – MEMORANDUM DECISION DENYING DEFENDANT etc.

"kind" naturally refers to a "category" or "sort."[30] The cross-reference to 523(a) "does not refer to any *kind of debtor* addressed by § 523(a) but rather to a *kind of debt* listed in § 523(a)."[31] Section 1192 is congressional "shorthand to avoid listing all 21 types of debts, which would indeed have expanded the one-page section [1192] to add several additional pages to the U.S. Code."[32] The court concluded that "*the debtors* covered by the discharge language of § 1192(2)—i.e., both individual and corporate debtors—remain subject to the 21 *kinds of debt* listed in § 523(a)."[33] If there is a conflict between 523(a) and 1192(2), 1192(2) is the more specific of the two and so should control.[34]

The court pointed out that the debtor's preferred interpretation would be inconsistent with 1141(d)(6), which also contains a cross-reference to two "kind[s]" of debts specified in 523(a), yet expressly applies only to corporate debtors. Thus, treating all cross-references to 523(a) as incorporating the preamble's applicability only to individual debtors cannot be reconciled with 1141(d)(6).[35]

The court noted that the operative language of 1192(2) appears to have been copied from 1228(a), which two bankruptcy courts have held applies to

---

[30] *Cleary*, 36 F.4th at 515.
[31] *Cleary*, 36 F.4th at 515 (emphasis in original).
[32] *Cleary*, 36 F.4th at 515.
[33] *Cleary*, 36 F.4th at 515 (emphasis in original).
[34] *Cleary*, 36 F.4th at 515.
[35] *Cleary*, 36 F.4th at 516.

Page 7 – MEMORANDUM DECISION DENYING DEFENDANT etc.

corporate debtors in chapter 12.[36] The court reasoned that the same language should be given the same interpretation in related statutory provisions.[37]

Finally, the court said that limiting the discharge of subchapter V corporate debtors might have been a way of balancing out the advantages that Congress gave to those debtors elsewhere in subchapter V.[38]

### (b) Off-Spec

In *Off-Spec*, the creditor asserted a claim for sexual harassment and discrimination against an LLC debtor.[39]

Despite acknowledging that the phrase "debt of the kind" in 1192(2) could "reasonably be construed to mean the list of debts" in 523(a), the BAP nevertheless concluded that "nothing in § 1192 obviates the express limitation in the preamble of § 523(a) or otherwise expands its scope to corporate debtors." It reasoned that "[i]nterpreting § 1192 to extract from § 523(a) only the list of nondischargeable debts, without its limitation to individuals, would render the amendment [adding 1192 to the preamble] surplusage."[40]

---

[36] *Cleary*, 36 F.4th at 516, citing Southwest Georgia Farm Credit, Aca v. Breezy Ridge Farms, Inc. (*In re* Breezy Ridge Farms, Inc.), No. 08-12038-JDW, 2009 WL 1514671 (Bankr. M.D. Ga. May 29, 2009); New Venture P'ship v. JRB Consol., Inc. (*In re* JRB Consol., Inc.), 188 B.R. 373 (Bankr. W.D. Tex. 1995).
[37] *Cleary*, 36 F.4th at 516.
[38] *Cleary*, 36 F.4th at 517.
[39] *Off-Spec*, 651 B.R. at 864.
[40] *Off-Spec*, 651 B.R. at 867.

The BAP also disagreed with the Fourth Circuit's conclusion that 1192(2) is more specific than 523(a)'s preamble. On the BAP's reading, there is no conflict between the two sections. And to the extent there is a conflict, the BAP believed that the more specific of the two provisions, and thus the one that should control, is 523(a).[41]

The BAP discussed the history of corporate discharge under the Bankruptcy Code and found it improbable that in adopting the SBRA, Congress departed radically from the history of there being no or few exceptions to the corporate chapter 11 discharge.[42] The BAP also discussed the history of the 523(a) discharge exceptions in general and pointed out that, as new discharge provisions were created and as discharges under old provisions were altered, Congress added cross-references to the 523(a) preamble. The BAP "recognize[d] that the references to § 523(a) are redundant" but concluded that "the *Cleary* interpretation creates a 'positive repugnancy' between the statutes and results in § 523(a) having no effect under § 1192 despite its express applicability to that section."[43]

The BAP agreed with *Cleary* that 1192(2) has the same meaning as the identical language in 1228(a).[44] But it concluded that the two bankruptcy

---

[41] *Off-Spec*, 651 B.R. at 868.
[42] *Off-Spec*, 651 B.R. at 868–69.
[43] *Off-Spec*, 651 B.R. at 869–70.
[44] *Off-Spec*, 651 B.R. at 871.

Page 9 – MEMORANDUM DECISION DENYING DEFENDANT etc.

court decisions interpreting 1228(a) were wrong, and neither 1228(a) nor 1192(2) incorporates the discharge exceptions against corporate debtors.[45]

The BAP pointed to two policy considerations supporting its holding. First, "[u]nder the *Cleary* interpretation, a small business debtor with potentially nondischargeable debts is incentivized to elect subchapter V and force creditors to spend resources to prove their claims, only to then amend its election and proceed under chapter 11 where those claims will be discharged upon confirmation." Second, "[c]onstruing § 1192 to make debts nondischargeable for corporate debtors offers little benefit to unsecured creditors in small business cases and poses serious obstacles to the stated purpose of the SBRA to make reorganization efficient and expeditious for small business debtors."[46]

The BAP acknowledged that "[i]t is vexing that our interpretation means that a corporate debtor gets a slightly broader discharge under § 1192 than under a consensual plan, but it is more difficult to believe that Congress intended to make § 523(a) applicable to corporate debtors through an opaque reference rather than an express statement."[47]

The BAP concluded that "§ 1192 does not make debts specified in § 523(a) applicable to corporate debtors in subchapter V."[48]

---

[45] *Off-Spec*, 651 B.R. at 870-71.
[46] *Off-Spec*, 651 B.R. at 872–73.
[47] *Off-Spec*, 651 B.R. at 873.
[48] *Off-Spec,* 651 B.R. at 873.

Page 10 – MEMORANDUM DECISION DENYING DEFENDANT etc.

### (c) GFS

The most recent appellate decision addressing the interplay between 523(a) and 1192(2) is the Fifth Circuit's decision in *GFS*. In short, the Fifth agreed with, and echoed the reasoning of, the Fourth.

The Fifth Circuit pointed out that "§ 1192(2) does not say: 'kind of *debtor*.' Congress could have enacted those words in § 1192 but instead chose 'kind of *debt*.'"[49]

As the court observed, Congress added 1192 to the 523(a) preamble in an SBRA section entitled "Conforming amendments," as it had done when adding 1228 in 1986.[50] Section 1192(2)'s "kind of debt" language is "straightforward," and had Congress meant to limit 1192(2) to the discharge of an individual debtor, adding 1192 to the preamble would be an "awkward" way of doing so.[51]

The court then examined the preamble's other cross-references to discharge sections. It described as "superfluous" the cross-references to 727 and 1328(b) because discharges under chapters 7 and 13 "are already available only to individual debtors."[52]

### 3. Analysis

#### *(a) The 1192(2) cross-reference to 523(a) refers just to the list of debt types and not also the*

---

[49] *GFS*, 99 F.4th at 228.
[50] Pub. L. No. 99-554 § 257(n) (1986); Pub. L. No. 116-54 § 4(a)(8) (2019).
[51] *GFS*, 99 F.4th at 229.
[52] *GFS*, 99 F.4th at 229.

> *preamble's application to the discharge of an individual debtor.*

Section 1192 effects and limits the discharge in a subchapter V case in which the plan is confirmed without acceptance by all classes—regardless of the nature of the debtor. Under 1192(2), that discharge excepts "any debt . . . of the kind specified in section 523(a)." A debt is specified in 523(a) if it is described by one of that subsection's paragraphs (1) through (20). "Debt(s) of the kind" refers to types of debt, not types of debtors. Thus, the plain meaning of 1192(2) is that the discharge under a subchapter V plan confirmed nonconsensually excepts the debts listed in the 523(a) debt-type list—even when the debtor is not an individual.

Even if the meaning of 1192(2) were not plain, reading it to apply to all debtor types follows the broader structure of bankruptcy discharges. Each of the discharge sections (727, 1141, 1192, 1228, and 1328) defines the debts it discharges and then excepts certain categories of debt by employing one of two types of cross-references to 523(a).

The first category of discharge sections, 727 and 1141(d)(2), lets 523(a), including its preamble, do the discharge-narrowing. Section 727(b) discharges debts "[e]xcept as *provided in* section 523(a)," and the 1141(d)(2) discharge excludes "any debt *excepted* from discharge under section 523." Section 523(a) is (as are all statutes) a sentence, and it "provides" for narrowing of the chapter 7 discharge and "excepts" debts from the chapter 11 discharge through its verb phrase: "a discharge . . . *does not discharge*" debts of a type

Page 12 – MEMORANDUM DECISION DENYING DEFENDANT etc.

in the list. The verb phrase is in the preamble. In other words, in 727(b) and 1141(d)(2), the discharge narrowing is done by the entirety of 523(a), including the preamble's application to the discharge of "an individual debtor." If the cross-references in 727(b) and 1141(d)(2) were only to the debt-type list, it would be nonsensical for 727(b) to say that discharge narrowing is "provided in" 523(a) or for 1141(d)(2) to say that any debt is "excepted from discharge" by 523(a).

The second category of discharge sections is 1141(d)(6)(A), 1192(2), 1228(c), and 1328(a) and (c). In those sections, the discharge is of a broad set of debts, "*except any debt . . . of the kind*" specified in the 523(a) debt-type list. In other words, in those sections the discharge is narrowed by a verb phrase in the section itself—not the verb phrase in 523(a)'s preamble. In 1141(d)(6), the discharge "does not discharge a debtor . . . from any debt . . . of a kind specified in" the debt-type list. Under 1192(2) and 1328(a), the court "shall grant the debtor a discharge of all debts . . . , except any debt . . . of the kind specified" in the list. And In 1228(c) and 1328(c), the discharge "discharges the debtor from all unsecured debts . . . except any debt . . . of a kind specified" in the list. In each section, the reference to 523(a) serves just as the location of the excepted debt types. Thus the 523(a) preamble—and its application only to the discharge of a debtor who is an individual—has no role in the discharge-narrowing work of the cross-references in the second category of discharge sections, including 1192(2).

Because 1328 refers to the 523(a) debt-type list, Congress could have dispensed with including 1328 in the preamble when enacting the Code in 1978. One possible reason for including 1328 in the preamble is that 727 and 1141, as first-category sections, had to be in the preamble, and the omission of 1328 could have been seen as an oversight. A second possible reason is that a reader who (mistakenly) treats 1328's reference to 523(a) as pointing to the entire subsection, including the preamble, might misinterpret the omission of 1328 to mean that the discharge of a chapter 13 debtor (who must be an individual[53]) is not narrowed by the 523(a) exceptions. When Congress followed the 1328 model in crafting the 1228 discharge in 1986 and the 1192 discharge in 2019, omission of those sections from the preamble would have been even more likely to have been seen as an oversight.

But Congress's reasons for enacting a statute, especially if not expressed, cannot supersede the statute's plain meaning. The "rule against superfluities" is not absolute.[54] When there are two ways to read a statute, under one of which the text is plain but certain language is surplusage, and under the second there is no surplusage but text is ambiguous, "applying the rule against surplusage is, absent other indications, inappropriate" because "that approach respects the words of Congress."[55] So even if there were no ascertainable reason for Congress to have included 1228 and 1192 in the

---

[53] 11 U.S.C. § 109(e).
[54] Lamie v. U.S. Tr., 540 U.S. 526, 536 (2014).
[55] *Lamie*, 540 U.S. at 536.

Page 14 – MEMORANDUM DECISION DENYING DEFENDANT etc.

523(a) preamble, courts must respect Congress's choice in structuring the 1192 discharge and its exceptions to follow the approach it had used in 1141(d)(6)(A) and 1228, where it cross-referenced just the debt-type list by referring to "debt(s) of a kind" listed in 523(a).

Had Congress intended 1192(2) to apply only to individual debtors, it could easily have said so clearly and expressly by excepting in 1192(2) either "any debt—(2) *of an individual debtor* of the kind specified in section 523(a)" or as it did in 1141(d)(2), "any debt—(2) *excepted from discharge under section 523.*"

Contrary to the BAP's conclusion, reading "debt of the kind" in 1192(2) to refer only to the type of debt and not the type of debtor does not deprive 523(a) of effect under 1192. Although that reading gives no effect to the preamble, it hews to the literal text of 1192(2) by giving effect to the debt-type list. That is the opposite of a repugnancy.

I agree with the courts of appeals that reading "debt . . . of the kind specified in 523(a)" in 1192(2) to limit only the discharge of an individual debtor is inconsistent with Congress's use of the same phrase in 1141(d)(6) when limiting the discharge of a corporation. The Ninth Circuit has held that "[w]hen courts can 'interpret statutes to be coherent and internally consistent,' they should."[56]

---

[56] Silverado Hospice, Inc. v. Becerra, 42 F.4th 1112, 1120 (9th Cir. 2022), quoting Freeman v. Gonzales, 444 F.3d 1031, 1039 (9th Cir. 2006).

Page 15 – MEMORANDUM DECISION DENYING DEFENDANT etc.

Because the meaning of 1192(2) is clear both in isolation and when considered with other Code sections, it is unnecessary to any of the three decisions' policy arguments.

For all these reasons I am persuaded that the courts of appeals' decisions are correct.

### (b) Two rationales by the Fourth and Fifth Circuits are questionable.

Although I agree with the conclusions reached in *Cleary* and *GFS*, two rationales for those decisions are questionable.

First, the general-versus-specific canon does not provide compelling support for the decisions. As the BAP points out, that canon is designed to resolve statutory provisions that are in conflict. That's not the case for 1192(2) and the 523(a) preamble's reference to 1192, which were added at the same time as part of the SBRA. The preamble does not say that the listed debts are *not* excepted from discharge for corporations. It just doesn't say anything about corporations either way. So, there is no conflict. The courts of appeals seem to agree about that, and both courts seem to place only slight weight on the general-versus-specific canon. And each of *Cleary*, *Off-Spec*, and *GFS* have concluded that the sections can be read in harmony. They differ only in how they interpret 1192(2).

A second questionable rationale for the courts of appeals' opinions is their reliance on the two bankruptcy-court decisions construing 1228. Both circuit decisions and the BAP agree that 1228 and 1192(2) should be interpreted

Page 16 – MEMORANDUM DECISION DENYING DEFENDANT etc.

consistently. They just disagree on how the sections should be interpreted. The Supreme Court describes the relevant interpretive canon this way: "when judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well."[57] The Court applies that canon when the "judicial consensus [is] so broad and unquestioned that we must presume Congress knew of and endorsed it."[58] Here, because the only two court decisions addressing 1228's relationship to 523(a) were nonprecedential, unpublished trial-court decisions, it's unlikely that Congress was aware of them, let alone that it endorsed them.

> **(c)** ***The Ninth Circuit would likely agree with the Fourth and Fifth Circuits to avoid a circuit split.***

The Ninth Circuit prefers to avoid creating a circuit split "if at all possible"[59] and "unless there is a compelling reason to do so.'"[60] In "cases requiring statutory interpretation, . . . our analysis is informed by decisions

---

[57] Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 85 (2006) (cleaned up).
[58] Jama v. Immigr. & Customs Enf't, 543 U.S. 335, 349 (2005).
[59] United States v. Anderson, 46 F.4th 1000, 1008 (9th Cir. 2022).
[60] Padilla-Ramirez v. Bible, 882 F.3d 826, 836 (9th Cir. 2017, quoting Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

Page 17 – MEMORANDUM DECISION DENYING DEFENDANT etc.

from other circuit courts that have interpreted the statute, and we will not create a circuit split unnecessarily."[61]

The Ninth Circuit would likely agree with the Fourth and Fifth Circuits' interpretation of 1192(2) and 523(a) and find it unnecessary to create a circuit split.

### (d) I disagree with Ivanov's grounds for distinguishing *Off-Spec.*

Ivanov, who represents himself, offers two grounds for distinguishing *Off-Spec*. First, he points out that under 1141(d)(6)(A), in a regular chapter 11 case or a subchapter V case in which a corporate debtor's plan is accepted by all classes, the discharge excepts "any debt . . . of a kind specified in" 523(a)(2)(A) or (B) "that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under" the False Claims Act "or any similar state statute." He does not contend that his claim falls into this narrow category—it doesn't—but he argues that the existence of this discharge exception for a corporate debtor shows "the legislative intent to hold corporations accountable for fraudulent actions."[62] That's true enough; Congress prevented discharge of at least one narrow category of fraud-related debts of corporate debtors. But because Ivanov's claim does not fall into that category (because Van's plan was confirmed nonconsensually, 1141(d)(6)(A) does not apply), it does not support his position here.

---

[61] United States v. Anderson, 46 F.4th 1000, 1005 (9th Cir. 2022).
[62] ECF No. 7 at 2.

Page 18 – MEMORANDUM DECISION DENYING DEFENDANT etc.

Second, Ivanov argues that *Off-Spec* can be distinguished because the claims at issue there were for "personal misconduct," but his claim is based on "financial fraud." He argues that "[p]ersonal misconduct, including sexual harassment and discrimination, inherently involves individual actions, whereas financial fraud can be executed by corporations."[63] Because a corporation is a legal construct rather than a natural person (an individual, in the language of the Code), it can only act through the actions of individuals who are its agents. This is as true of financial fraud as of anything else. Assuming for the moment that his claims of fraudulent misrepresentation are true, they must have been made by some individual. Not all forms of wrongdoing are readily attributable to the employer of the individual who committed them. But that goes to the question of liability, not of dischargeability. Van's point in the motion is not that it cannot be liable for a fraud committed by its employees, but that such a liability is not excepted from its discharge.

IV. Conclusion

I will prepare and file a separate order denying the motion, and I will set this action for another pretrial conference.

###

cc: Andrew Ivanov

---

[63] ECF No. 7 at 2.